FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  99 JAN 28  AM 10: 28
JASPER DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARY LOU BRYANT, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } CASE NO. CV 98-B-1526S |
| | } |
| K-MART CORPORATION, | } |
| | } |
| Defendant. | } |

ENTERED

JAN 2 8 1999

MEMORANDUM OPINION

Currently before the court is the Motion for Final Summary Judgment of defendant K-Mart Corporation ("K-Mart"). The present action arises out of the claim by plaintiff Mary Lou Bryant ("Bryant") that she was injured when she slipped and fell on a leaf located on the floor of a K-Mart store located in Jasper, Alabama. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the defendant's Motion is due to be granted.

### I.  FACTUAL SUMMARY

On April 27, 1997, Bryant and her sister-in-law entered the K-Mart store located in Jasper, Alabama through the garden shop entrance. (Wakefield Dep. at 8; Bryant Dep. at 29). While walking in the garden shop aisle, Bryant did not notice anything unusual or out of place. (Bryant Dep. at 29). After shopping and going to the restroom, Bryant attempted to exit the store through the same garden shop aisle. (*Id.* at 37). As she walked past the cash register, Bryant slipped and fell on what was apparently a leaf. (*Id.* at 41, 57).

Doris Wakefield was the cashier in the garden shop at the time of the accident. (Wakefield Dep. at 11). She testified that she swept the floor a few minutes before the accident.

10

(*Id.* at 13). After she swept the floor, Wakefield testified that there were no leaves in the aisle. (*Id.* at 13-15). Immediately after she finished cleaning the area, Wakefield waited on several customers, one of whom purchased a plant. (*Id.* at 15). At that time, Bryant walked back through the aisle and then slipped and fell. (*Id.* at 13). While Bryant was on the ground, Wakefield observed a leaf on Bryant's shoe. (*Id.* at 18).

## II.  SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless,

the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  DISCUSSION

In order to prove negligence on the part of the defendant, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury. Alabama law[1] provides that although the storekeeper is not an insurer of a customer's safety, a storekeeper is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990) (emphasis added). In order to sustain a claim, Mrs. Pettit must demonstrate that the negligence of the store or the storekeeper's agents or servants was the proximate cause of her injuries.

In a "slip and fall" case such as the one presented by plaintiff, it is necessary for her to prove (1) that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or (2) that the defendant had actual notice of the substance's presence on the floor, or (3) that the defendant was delinquent in not discovering and removing the foreign substance. *Richardson v. Kroger Co.*, 521 So.2d 934, 936 (Ala. 1988). In the absence of such proof, plaintiff has not made out a prima facie case that defendant was negligent in the maintenance of its floors. *Id.*

---

[1] Federal courts sitting in diversity must apply the substantive law of the forum state. *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 947 (11th Cir. 1993) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

3

In this case, there is no evidence whatsoever that defendant had actual notice of the leaf on which plaintiff fell. Doris Wakefield, the cashier in the garden shop at the time of the accident, testified that she swept the floor minutes before the accident and saw no leaves in the aisle after she finished sweeping. Plaintiff testified that she walked through that aisle while entering the store and did not see a leaf on the floor.

The court further finds that there is insufficient evidence from which a reasonable jury could impute constructive knowledge to defendant or otherwise find that defendant acted unreasonably in discovering and removing the leaf. As previously stated, the employee working at the register swept the area several minutes before the accident. There is no evidence that anyone else saw or reported the leaf on the floor before the accident. Since a customer purchasing a plant came to the cash register immediately after the cashier swept the floor, it is very possible that a leaf fell onto the floor at this time. However, this would not have left defendant a reasonable amount of time to discover or remove the leaf from the floor. Thus, there is no evidence that the leaf was on the floor a sufficient length of time to impute constructive knowledge to the defendant, nor is there any evidence that the defendant was delinquent in not discovering and removing the leaf from the floor.

There are several instances in which Alabama appellate courts have dealt with issues similar to the instant case. In one case, a customer brought suit against a grocery store for injuries she allegedly incurred when she slipped on a puddle of water and fell on the store's premises. *Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986 (Ala. 1988). In upholding the grant of summary judgment for the defendant, the Alabama Supreme Court stated:

> There is no evidence in the record whatsoever that Warehouse Groceries' employees knew the water was on the floor or that or that it had been there such a length of time as to impute constructive notice. Both Vargo and her witness testified that they had no idea how long the water had been there, except to say that it 'looked like it had been there for a while.' For all the evidence put forth, the water may have been dropped or leaked on the floor only minutes before Vargo fell.
>
> Based on the evidence in the instant case, any inference that Warehouse Groceries was negligent would be the result of mere speculation.

*Id.* at 987.

In a case strikingly similar to the instant case, a plaintiff slipped and fell on some french fries on the floor at a Hardee's restaurant. *Flagstar Enterprises, Inc. v. Bludsworth*, 696 So.2d 292 (Ala.Civ.App. 1996). The plaintiff admitted that prior to his fall, he had walked the same path at least twice and had not noticed anything on the floor. Minutes before the accident, the general manager made an inspection of the restaurant and saw an employee cleaning the area. The Alabama Court of Civil Appeals reversed the jury's verdict against the defendant, holding that the trial court erred in refusing to direct a verdict in favor of the defendant because "[t]here was no evidence in the record that Flagstar knew that the french fries were on the floor or that the french fries had been on the floor for such an inordinate length of time as to impute constructive notice." *Id.* at 295.

The undisputed evidence is that defendant did not have actual or constructive knowledge that a leaf was on the floor. Any inference otherwise would be the result of mere speculation. There is also no evidence to support a reasonable inference that defendant was delinquent in not discovering and removing the leaf. Therefore, summary judgment is due to be granted on the plaintiff's negligence claim.

## CONCLUSION

The court concludes that defendant's Motion for Final Summary Judgment is due to be granted. All claims against K-Mart Corporation will be dismissed with prejudice. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 28th day of January, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge